IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO: |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) ) | **JURY TRIAL DEMAND** |
| VERIZON PENNSYLVANIA, INC. | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Theresa Allen who was adversely affected by such practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Defendant Employer Verizon Pennsylvania, Inc. retaliated against Ms. Allen in response to her complaints against sexual harassment. Specifically, the Commission alleges that Ms. Allen complained about a sexually hostile work environment. Following her complaint, Defendant subjected Ms. Allen to daily retaliatory harassment and subsequently terminated her employment. As a result of Defendant's discriminatory conduct, Ms. Allen has suffered damages, including lost wages and emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1

1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been and is now doing business in the State of Pennsylvania, in the City of Bryn Mawr, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission, alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least September of 2006, Defendant Employer has engaged in unlawful employment practices at its Bryn Mawr, Pennsylvania facility in violation of Section 704(a)(1) of Title VII, 42 U.S.C. Section 2000e-3(a) by retaliating against Theresa Allen after she engaged in protected activity. The unlawful employment practices included, but were not limited to, the following:

(a)     Defendant Employer, Verizon Pennsylvania, Inc. provides telephone, computer, and wireless services to its customers. Ms. Allen was hired in June of 1986 and received several promotions throughout her employment. In 1994, she was promoted to Service Technician, a position she held until her unlawful termination.

(b)     As a Service Technician, Ms. Allen's duties included the repair, maintenance, and testing of company and customer telephones and equipment. In July of 2006, Ms. Allen began to report directly to Manager Maurice Douglas.

(c)     Throughout her employment, Ms. Allen was exposed to sexually explicit graffiti and pornographic magazines in company vehicles. As early as August of 2006, she made several complaints to Resource Manager, Donna Lynch, and the Verizon Compliance Department regarding the sexually inappropriate graffiti and magazines.

(d)     On or about September 13, 2006, Douglas placed his hand on Ms. Allen's buttock while on a job site. Ms. Allen reported this incident to Donna Lynch on September 15, 2006. Ms. Allen then filed an official internal complaint of sexual harassment on September 18, 2006, via the company hotline about the offensive acts which she alleged created a hostile work environment for her as a female.

(e)     Defendant's only response to her complaint was to reassign Ms. Allen to a new Supervisor, Michael Ogleton. However, Ms. Allen was forced to continue to interact with Douglas on a daily basis.

(f)     Immediately after filing her internal complaint, Ms. Allen began to suffer retaliation. One week after Ms. Allen's complaint of sexual harassment, a large plastic rat appeared hanging from the ceiling in the garage where the service technicians were stationed between service calls. Although Managers Douglas, Ogleton, and Lynch saw the rat, no one took action to remove it. Each time Ms. Allen removed the rat, someone hung it again.

(g)     Ms. Allen was also subjected to retaliatory graffiti. An unknown employee splattered a company service box in red paint and scrawled these words in black letters: "Terry this is for you next time." Inside another service box was a picture of a rat with the words: "Ratterri" and "stop telling on everybody" also in large black letters. On one occasion, Maurice Douglas came into the garage, glaring at Ms. Allen, and made comments to co-workers in the garage about being "ratted out."

(h)     Ms. Allen complained to Ogleton about Douglas' retaliatory comments. Ogleton responded by asking Ms. Allen if she had filed a complaint with the EEOC.

(i)     On Monday, February 26, 2007, Ms. Allen borrowed two (2) cups rock salt due to inclement icy weather. Upon her return to work the next day, Ms. Allen replaced the two cups she had borrowed the night before with a ten (10) pound bag. The same day, Ms. Allen was called into a meeting with Douglas and Ogleton where they accused her of stealing rock salt.

(j)     On February 28, 2007, after twenty one (21) years of service, Ms. Allen was terminated by Douglas and Ogleton for theft.

8. The unlawful employment practices complained of in paragraph 7 were intentional.

9. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Theresa Allen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against retaliation discrimination.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-retaliation; and

5

requiring all managers and supervisors to report any incidents and/or complaints of retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Theresa Allen by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Theresa Allen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Theresa Allen by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Theresa Allen punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Washington, D.C.
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        _/s/ Jacqueline H. McNair_
        JACQUELINE H. MCNAIR
        Regional Attorney

        _/s/ Judith A. O'Boyle_
        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

        _/s/ Rachel M. Smith_
        RACHEL M. SMITH
        Trial Attorney
        U.S. EEOC, Philadelphia District Office
        801 Market Street, Suite 1300
        Philadelphia, PA 19107
        (215) 440-2642 (direct)
        (215) 440-2848 (fax)